## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ELIZABETH A. D., <br><br> *Plaintiff*, <br><br> v. <br><br> FRANK BISIGNANO, Commissioner of Social Security, <br><br> *Defendant*. | Case No. 1:23-cv-01235-RLH |

### ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b). (Doc. 21.) The Commissioner neither supports nor opposes the motion. Because Plaintiff's request is reasonable and otherwise complies with § 406(b), the motion is GRANTED.

### BACKGROUND

This social security case has a long, ten-year history that is unnecessary to fully recount here. In short, Plaintiff began receiving disability benefits in 2003. (Doc. 12 at 2.) The Social Security Administration revoked her benefits in 2011, and she challenged that decision with the administration and later in this Court. (Doc. 12 at 2.) Plaintiff's case was remanded, and on remand the administration again declined to reinstate her benefits. (Doc. 12 at 2.) Plaintiff appealed a second time, the Court ordered remand a second time, and the administration again found her ineligible for benefits. (Doc. 12 at 2.) On her third appeal to this Court, Plaintiff entered a stipulation with the administration to remand her case a third time. (Doc. 12 at 2.)

Following the third remand, an administrative law judge found Plaintiff disabled and awarded her past-due benefits in the amount of $142,952.00. (Doc. 21 at 1.) Plaintiff's counsel—joined by the Commissioner—then moved for attorneys' fees under the Equal Access to Justice Act ("EAJA"), which this Court granted in the amount of $3,869.79. (Doc. 20.) Plaintiff now moves for attorney's fees in the amount of $35,738.00 under 42 U.S.C. § 406(b). (Doc. 21).

## LEGAL STANDARD

Section 406(b) "permits attorneys to recover fees for their work in federal court on behalf of Social Security claimants" when the proceedings terminate in the claimant's favor. *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024). In reviewing § 406(b) fee requests, courts must perform an "independent check" to ensure that the request is within the statutory maximum and reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Of course, the "reasonableness" of a fee request depends entirely on the circumstances of a particular case. *See id.* Foremost among those circumstances is whether the claimant-attorney relationship involves a contingency fee agreement. *See Arnold*, 106 F.4th at 601. When it does, the contingency award anchors the court's analysis. *Id.*

A court must therefore begin its analysis "with the contingency award as its polestar and consider whether that amount should be reduced" based on relevant circumstances, such as: (1) counsel's expertise and effort spent on the case, (2) the claimant's satisfaction with the representation, (3) whether counsel engaged in undue delay, (4) the uncertainty of recovery, and (5) how the request compares to similar cases. *See id.*

## DISCUSSION

The Court starts with the contingency fee agreement between Plaintiff and her counsel, which provides that counsel will receive twenty-five percent of any past-due benefits recovered in the case. (Doc. 21-2 at 1.) That fee does not exceed the statutory maximum. *See* 42 U.S.C. § 406(b)(1)(A) (limiting recoverable fees to twenty-five percent "of the total of the past-due benefits" the claimant receives). The sole question, therefore, is whether the circumstances of this case warrant reducing the contingency award. They do not.

The Record reflects that counsel diligently represented Plaintiff and obtained a favorable result. *See Gisbrecht*, 535 U.S. at 808 (explaining that reasonableness depends largely on "the results the representation achieved"). Indeed, after several rounds of appeals, Plaintiff's counsel secured a third remand to the administration, who ultimately awarded her benefits.

Moreover, nothing in the Record suggests that Plaintiff is dissatisfied with her counsel's representation or that counsel delayed the proceedings. And the contingent nature of the fee agreement—along with the fact that counsel is an experienced social security practitioner who achieved his client's desired result—renders the fee sought reasonable. As courts have explained, representing social security claimants on a contingent basis always "involves some risk, and recovery is uncertain until a final decision is rendered." *Strong v. O'Malley*, No. 4:21-cv-54, 2024 WL 3935530, at *2 (N.D. Ind. Aug. 23, 2024).

Courts then ask whether the fee sought is consistent with those awarded in comparable cases. Plaintiff's fee request is for $35,738.00, which equals 25% of

3

Plaintiff's past-due benefits. Because Plaintiff's counsel spent 117.8 hours in federal court, the effective rate would be $303.38 per hour. That rate is comparable to—if not well below—rates that courts have approved in similar cases.[1]

Finally, § 406(b)(1)(A) forbids a lawyer from recovering more than twenty-five percent of the claimant's past-due benefits, even when the lawyer would otherwise be entitled to recover fees under a different statute. So, when a court approves a fee request under § 406(b), counsel generally must refund any amount previously awarded under the EAJA. *See Gisbrecht*, 535 U.S. at 796. Plaintiff's counsel recognizes this limitation and agrees that he is responsible for refunding the $13,869.79 in EAJA fees previously awarded.[2]

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's (Doc. 21) Motion for an Award of Attorney's Fees Under § 406(b) is GRANTED. Plaintiff's counsel is awarded fees in the amount of $35,738.00, which is to be paid out of Plaintiff's past-due benefits in accordance with the policy of the Social Security Administration. Moreover, Plaintiff's counsel shall refund the $13,869.79 in EAJA fees previously received.

---

[1] *See, e.g.*, *Plummer v. O'Malley*, No. 1:23-cv-85, 2024 WL 4880436, at *2 (N.D. Ind. Nov. 22, 2024) (approving fee request under § 406(b) for an hourly rate of $3,227.48); *Wattles v. Comm'r of Soc. Sec.*, No. 2:10-cv-2108, 2012 WL 169967, at *1 (C.D. Ill. Jan. 18, 2012) ($3,125); *Polli v. Berryhill*, No. 17-cv-1102, 2019 WL 10248978 (N.D. Ill. Feb. 27, 2019) ($1,805.00); *Summer v. Kijakazi*, 2:20-cv-483 (N.D. Ind. July 18, 2023) ($1,850.00); *Narug v. Comm'r of Soc. Sec.*, No. 2:19-cv-490, 2022 WL 3714743 (N.D. Ind. Aug. 29, 2022) ($2,450.60).

[2] Although counsel's EAJA award was $3,869.79 in this particular case, (Doc. 20), he indicates that he received $10,000.00 in EAJA fees for representing Plaintiff at the district court level in 2022. As Plaintiff's counsel recognizes, the entire $13,869.79 must be refunded under 42 U.S.C. § 406(b)(1)(A). Plaintiff's counsel also received a $9,837.66 EAJA fee award in 2016. But because that award was offset against Plaintiff's debt to the United States, counsel need not refund any portion of that amount. *See Loar v. Saul*, No. 3:18-cv-775-TLS, 2020 WL 3302990, at *1 (N.D. Ind. June 18, 2020) (explaining that social security counsel is not required to refund to the plaintiff any EAJA fees used to satisfy the plaintiff's debt).

*So ordered.*

Entered this 21st day of January 2026 .

s/ Ronald L. Hanna

Ronald L. Hanna
United States Magistrate Judge
